IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                        Case Nos.:     4:17cr15/MW/MAF
                                                                             4:22cv191/MW/MAF

FRANTISEK PRIBYL,
      Defendant.

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Frantisek Pribyl's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 365. The Government filed a response in opposition (ECF No. 368) and Defendant filed a reply. ECF No. 370.[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). After review of the record and relevant law, the undersigned recommends the § 2255 motion be denied without an evidentiary hearing. *See* Rules Governing Section 2255 Cases 8(a) and (b).

---

[1] Defendant filed his reply twice. ECF No. 369 is identical to ECF No. 370, except for the lack of signature.

I.     BACKGROUND

On March 8, 2017, a federal grand jury charged Defendant in a two-count indictment with attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Count One) and traveling in interstate commerce for the purpose of engaging in sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b) (Count Two). ECF No. 14. On May 23, 2018,[2] after a three-day jury trial, Defendant was convicted of both counts. ECF No. 130. The district court sentenced him to the minimum mandatory term of 120 months' imprisonment. ECF Nos. 214, 256.

On direct appeal, the Eleventh Circuit described the offense conduct as follows:

> In February 2017, an undercover detective posing as a mother posted an advertisement on Craigslist seeking a "mentor" for her young daughter. The advertisement was part of an operation meant to identify and investigate individuals willing to engage in sexual activities with children. Pribyl responded to the ad. Pribyl and the detective began emailing back and forth, and the detective assumed the role of the young daughter.
>
> Pribyl turned the conversation to sexual topics, asked for pictures, and suggested meeting for sex, all over email. The

---

[2] Multiple continuances were necessary due to Defendant's conflicts with and changes of counsel, difficulty securing a Czech language interpreter, and the defense request for a psychiatric evaluation. The evaluation concluded Defendant was competent to proceed with the judicial process, and the only diagnosis was malingering, largely with respect to his alleged language impairment. ECF No. 68 at 10-11.

Case Nos.: 4:17cr15/MW/MAF; 4:22cv191/MW/MAF

> detective told Pribyl that she was only 14 years old. Unfazed, Pribyl arranged to meet the minor girl for sex through a series of police-recorded phone calls, text messages, and more emails. Pribyl drove over four hours to an address the detective gave him, and police arrested him at the front door.

ECF No. 337 at 2. The Government's evidence included (1) testimony of the undercover detective who posed as the minor girl; (2) testimony of special agents involved in the investigation; (3) the Craigslist advertisement; (4) the email exchanges, recorded phone calls, and text messages between the undercover detective and Defendant; and (5) photographs and surveillance videos of Defendant driving to what he believed to be the home of the minor girl. *Id.* at 5-6. Defendant's testimony in his own behalf sought to establish that: (1) it was his roommate, not Defendant, who chatted with and arranged to meet the minor girl; and (2) Defendant's only involvement was as an unwitting matchmaker helping his shy roommate meet a 34 year old woman. *Id.* at 6. Defendant nonetheless admitted it was his voice on the recorded calls summarized above,[3] it was his personal email address in

---

[3] A more graphic, detailed description of the communication between Defendant and the detective is contained in the Presentence Investigation Report (ECF No. 211 at 5-7) and the Government's response in opposition to Defendant's motion (ECF No. 368 at 2-9).

Case Nos.: 4:17cr15/MW/MAF; 4:22cv191/MW/MAF

the email exchanges, and the video depicted him alone driving toward and entering the house at the address he had been given.  *Id.*

Defendant raised a single issue on appeal.  He argued on appeal that the district court abused its discretion by not appointing an expert to examine supposed discrepancies between the email printouts his daughter produced and the emails in possession of the Government.  ECF No. 337 at 6.  The Eleventh Circuit found no abuse of discretion and alternatively found Defendant had shown neither prejudice nor that his trial was fundamentally unfair.  *Id.* at 7-8.  On May 19, 2021, it affirmed his convictions.

Defendant timely filed his § 2255 motion on or about May 11, 2022, raising a single ground for relief.  ECF No. 365 at 12.  He claims the district court sentenced him to prison "for conduct that is not unlawful under the statute of conviction" and he seeks immediate release.  *Id.* at 4, 12.  The Government opposes the motion.

II.   ANALYSIS

A. Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."  *Spencer v. United States*, 773 F.3d 1132, 1138

(11th Cir. 2014). A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which were or could have been raised on direct appeal are generally not actionable in a section 2255 motion. *Granda v. United States,* 990 F. 3d 1272, 1286 (11th Cir. 2021). Once a matter has been decided adversely to a defendant on direct appeal, it cannot, except in the case of an intervening change in the law, be re-litigated in a collateral attack under section 2255, as it is procedurally barred. *Seabrooks v. United States*, 32 F. 4th 1375, 1383-84 (11th Cir. 2022) (citing *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (collecting cases); *Davis v. United States*, 417 U.S. 333, 342 (1974)).

By contrast, a "procedural default" occurs when a defendant attempts to raise a new challenge to his conviction or sentence in a § 2255 motion that could have been raised on appeal. *Seabrooks*, 32 F. 4th at 1384 (citing *Lynn*, 365 F.3d at 1234). If a defendant fails to raise an available issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused. *Id.* (citing *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011)). To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence. *Id.*; *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021). A meritorious claim of ineffective assistance of counsel[4] can constitute cause. *See Nyhuis*, 211 F.3d at 1344. A movant on collateral review can avoid the procedural default bar altogether "if the alleged error is jurisdictional." *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020) (citing *United States v. Peter*, 310 F. 3d 709 (11th Cir. 2002)). Finally, the Government can waive the affirmative defense of

---

[4] To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Case Nos.: 4:17cr15/MW/MAF; 4:22cv191/MW/MAF

procedural default.  *Seabrooks,* 32 F. 4th at 1384 (citing *Foster v. United States*, 996 F. 3d 1100, 1106-07 (11th Cir. 2021)).

B. Defendant's Argument

As noted above, Defendant asserts the district court did not have jurisdiction to impose sentence because his conduct was not unlawful under the statute of conviction, 18 U.S.C. § 2422(b).  This argument could have been raised on appeal and is procedurally defaulted.  *Seabrooks*, 32 F. 4th at 1384.   Even if Defendant can circumvent the procedural default bar by couching the claim in terms of jurisdiction, *Bane, supra,* he is not entitled to relief because his claim is legally without merit.

In support of his position, Defendant cites the language in 18 U.S.C. § 2422(b) which proscribes the enticement of "any individual who has not attained the age of 18 years to engage in . . . any sexual activity for which any person can be charged with a criminal offense."  He incorrectly presupposes that the phrase "any person" refers only to the alleged minor, and he asserts that his attempt to entice the fictitious minor to engage in sexual activity was not a criminal act for which *the minor* could be charged.

Thus, he concludes, his conduct does not fall within the purview of the statute.

The Eleventh Circuit has rejected this very argument. In *United States v. Korfhage*, the defendant contended, as does Defendant here, that § 2242(b) criminalizes "only sexual activity that is of a nature that, by engaging in it, *the minor* commits a crime." *Korfhage*, 683 F. App'x 888, 890 (11th Cir. 2017) (emphasis added). In *Korfhage*, the defendant was a 36 year old male who drove from his home in Georgia to Florida to meet a 17 year old female he had met online, and the two engaged in sexual activity. The court rejected the defendant's argument that because only he, and not the minor, could be prosecuted for Florida statutory rape, he did not commit a crime under § 2242(b). *Id.* at 890-891; *see also United States v. Jockisch*, 857 F. 3d 1122 (11th Cir. 2017) ("The liability created by 18 U.S.C. § 2422(b) depends on *the defendant's* having violated another statute" (emphasis added)).

There was no jurisdictional deficiency in this case. Furthermore, to the extent a claim of ineffective assistance of counsel can be construed from Defendant's submission, he is not entitled to relief because counsel is not constitutionally ineffective for failing to raise a meritless claim. *See Hollis v.*

*United States,* 958 F.3d 1120, 1124 (11th Cir. 2020); *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).

### III. CONCLUSION

An evidentiary hearing is not necessary to resolve Defendant's motion because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 365) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 15th day of September, 2022.


      s/ Martin A. Fitzpatrick
    **MARTIN A. FITZPATRICK**
    **UNITED STATES MAGISTRATE JUDGE**


Case Nos.: 4:17cr15/MW/MAF; 4:22cv191/MW/MAF

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**